UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KAREN WHITE-GOYZUETA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:23-cv-591 |
| | ) |
| IVY TECH COMMUNITY COLLEGE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

### I. NATURE OF THE CASE

1. This is an employment discrimination action brought by Plaintiff, Karen White-Goyzueta ("White-Goyzueta" and/or "Plaintiff"), against Defendant IVY Tech Community College of Indiana ("IVY Tech" and/or "Defendant"), for unlawfully discriminating and retaliating against her on the basis of race (African American) and color (Black) in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as amended, and for discriminating and retaliating against her on the bases of race (African American) and color (Black) in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981a. White-Goyzueta also sues IVY Tech for tortious interference with professional employment under Indiana common law.

### II. PARTIES

2. White-Goyzueta is a citizen of the United States and at all time relevant to this lawsuit resided within the geographic boundaries of the Northern District of Indiana.

3. Defendant is a body corporate and politic of the State of Indiana, and, at all times relevant to this action, has maintained facilities and conducted business within the geographic

boundaries of the Northern District of Indiana.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-et seq.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. White-Goyzueta is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7. White-Goyzueta satisfied her obligation to exhaust administrative remedies, having timely filed EEOC Charge No. 24M-2023-00018, alleging discrimination and retaliation, on December 1, 2022, by receiving a Notice of Right to Sue thereon on April 10, 2023, and by commencing this action within ninety days of the receipt thereof.

8. All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. White-Goyzueta, an African American, began her employment with Defendant on August 2, 2021, as Vice Chancellor of Academic Affairs, at IVY Tech's South Bend - Elkhart campus.

10. At all relevant times to this action, White-Goyzueta met or exceeded Defendant's legitimate job performance expectations.

11. On or about November 19, 2021, after White-Goyzueta received a somewhat less-than-enthusiastic performance review, IVY Tech extended her probationary period by 90 days. Goyzueta's probationary period ended on April 11, 2022.

12. On or about April 7, 2022, White-Goyzueta filed a Charge of Discrimination, EEOC No. 24M-2022-00061 ("original charge"), against Defendant, alleging, *inter alia*, race discrimination.

-3-

13. During the pendency of the original charge, Defendant engaged in a series of retaliatory acts toward White-Goyzueta.

14. On or about September 30, 2022, in exchange for Defendant's agreement to conduct conduct a training for its leadership team with respect to IVY Tech's culture of professional maturity and accountability, which included emphasis of IVY Tech's anti-discrimination and anti-harassment policies, diversity, equity and belonging, White-Goyzueta agreed to withdraw the original charge.

15. After White-Goyzueta withdrew her EEOC Charge, Defendant renewed its series of retaliatory actions that culminated, on November 11, 2022, with White-Goyzueta's termination by IVY Tech South Bend - Elkhart Chancellor Tia L. Robinson-Cooper ("Robinson-Cooper").

16. On December 1, 2022, White-Goyzueta filed her second EEOC Charge, alleging discrimination and retaliation.

17. Following White-Goyzueta's termination, on or about February 18, 2023, she was told by a client ("Client") for whom she was completing a consulting project, that Robinson-Cooper had threatened to revoke any agreements between Client and IVY Tech if Client allowed White-Goyzueta to "do anything related to IVY Tech."

## V. CAUSES OF ACTION

### A. Federal Causes of Action

### Count One: Race Discrimination in Violation of Title VII

18. Plaintiff restates the material allegations in every preceding paragraph as though fully set forth herein.

19. Defendant violated White-Goyzueta's right to be free from race- and/or color-based discrimination as protected by Title VII by subjecting White-Goyzueta to terms and conditions of employment that were less favorable than those afforded to similarly-situated Caucasion and/or

White employees.

20. Defendant's actions were intentional and it acted with reckless indifference to White-Goyzueta's rights as protected by Title VII.

21. As a direct and proximate result of Defendant's unlawful and retaliatory actions, White-Goyzueta suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation.

### Count Two: Race Discrimination in Violation of 42 U.S.C. § 1981

22. Plaintiff restates the material allegations in every preceding paragraph as though fully set forth herein.

23. The relationship between IVY Tech and White-Goyzueta was contractual in nature.

24. IVY Tech denied White-Goyzueta the same rights to make and enforce its contract as that afforded to non-African American and/or non-white employees.

25. IVY Tech's actions were intentional, willful, and in reckless disregard of White-Goyzueta's clearly established civil rights.

26. As a direct and proximate result of Defendant's unlawful and retaliatory actions, White-Goyzueta suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation.

### Count Three: Retaliation in Violation of Title VII

27. Plaintiff restates the material allegations in every preceding paragraph as though fully set forth herein.

28. By filing the original charge on April 7, 2022, White-Goyzueta engaged in protected

-5-

activity.

29. Defendant's series of retaliatory actions, both during the original charge's pendency, and after White-Goyzueta withdrew the original charge on September 30, 2022, including her termination on November 22, 2022, constituted adverse employment actions, and were therefore retaliation as that term is defined in Title VII.

30. Defendant's retaliation was intentional, willful, and/or conducted with reckless disregard for White-Goyzueta's protected rights.

31. As a direct and proximate result of Defendant's unlawful and retaliatory actions, White-Goyzueta suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation.

### Count Four: Retaliation in Violation of 42 U.S.C. § 1981

32. Plaintiff restates the material allegations in every preceding paragraph as though fully set forth herein.

33. By filing the original charge on April 7, 2022, White-Goyzueta engaged in protected activity.

34. Defendant's series of retaliatory actions, both during the original charge's pendency, and after White-Goyzueta withdrew the original charge on September 30, 2022, including her termination on November 22, 2022, constituted adverse employment actions, and were therefore retaliation as that term is defined in Title VII.

35. Defendant's retaliation was intentional, willful, and/or conducted with reckless disregard for White-Goyzueta's protected rights.

36. As a direct and proximate result of Defendant's unlawful and retaliatory actions,

White-Goyzueta suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation.

### B.  State Law Causes of Action

**Count Five: Tortious Interference With Professional Employment (Indiana Common Law)**

37. Plaintiff restates the material allegations in every preceding paragraph as though fully set forth herein.

38. Since her termination, White-Goyzueta earns her living as an educational consultant.

39. In that capacity, White-Goyzueta formed a valid contractual relationship with Client.

40. The Defendant, through Robinson-Cooper, had knowledge of the contractual relationship between White-Goyzueta and Client.

41. The Defendant, through Robinson-Cooper wrongfully attempted to disrupt the contractual relationship.

42. The Defendant's actions were intentional and willful.

43. The Defendant's actions caused harm to the contractual relationship, as well as to White-Goyzueta's professional reputation.

### VI.  RELIEF

**WHEREFORE,** White-Goyzueta respectfully prays that the Court find in her favor and Order:

44. Defendant to reinstate White-Goyzueta to the position she would have held absent Defendant's unlawful discrimination and retaliation or pay White-Goyzueta front pay in lieu thereof;

45. Defendant to pay White-Goyzueta's lost wages and benefits incurred as a result of its violation of her civil rights;

46. Defendant to pay to White-Goyzueta compensatory and punitive damages;

47. Defendant to pay prejudgment and post-judgment interest on all sums recoverable;

48. Defendant to pay White-Goyzueta's reasonable attorney fees and costs;

49. Defendant to cease and desist all future discriminatory actions toward White-Goyzueta; and,

50. Defendant to provide White-Goyzueta with all other relief that is just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Karen White-Goyzueta, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

_s/ Jay Meisenhelder_
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:   317/231-5193
Direct Telephone:   317/899-9220
Facsimile Number:   317/982-5463
Email Address:   jaym@ecrls.com