UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KAREN WHITE-GOYZUETA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23cv591 DRL |
| IVY TECH COMMUNITY COLLEGE OF INDIANA, | |
| Defendant. | |

ORDER

On November 5, 2024, the court extended certain case deadlines: it extended the deadline to depose Dr. Tia Robinson-Cooper to December 3, 2024; to engage in mediation to December 6, 2024; and to file dispositive motions to December 20, 2024 [36]. On December 2, 2024, Dr. Tia Robinson-Cooper filed a motion to quash the subpoena that required her to testify at a deposition scheduled for the following day [37]. Dr. Robinson-Cooper said she was unavailable due to her schedule for an employment interview concluding late, out of state, the night before the deposition [*id.*]. On December 3, 2024, the court ordered Ms. White-Goyzueta and Ivy Tech to respond to the motion to quash [39], and both parties did [38; 41].

On December 5, 2024, Ivy Tech filed a notice explaining that the parties agreed to reschedule the deposition for December 19, 2024, and requesting the court again extend deadlines—to depose Dr. Robinson-Cooper to that date; to engage in mediation to January 10, 2025; and to file any dispositive motions to January 31, 2025 [40].

The court may extend a deadline that has not expired for good cause. Fed. R. Civ. P. 6(b)(1)(A). Once time has expired, the court may extend a deadline only upon motion, for good cause, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To evaluate excusable

neglect, the court considers the length of, reason for, and prejudice from delay, as well as the movant's good faith. *See Miller v. Chicago Transit Auth.*, 20 F.4th 1148, 1153 (7th Cir. 2021).

The court interprets Ivy Tech's request to extend the deadline to depose Dr. Robinson-Cooper as a motion. Ivy Tech filed its motion only two days after the deadline expired, and there is no indication Ivy Tech did so in anything other than good faith. There is little if any prejudice to Ms. White-Goyzueta, who has agreed to rescheduling. Ivy Tech moved for the extension because Dr. Robinson-Cooper was unable to attend her deposition for reasons out of Ivy Tech's control, a justification that both amounts to good cause and, alongside consideration of the above discussion, establishes excusable neglect. As for Ivy Tech's parallel request to extend the other deadlines, the delayed deposition is good cause as it may bear on the contours of mediation and dispositive motions.

For these reasons, the court GRANTS Ivy Tech's request [40] and EXTENDS the deadline to depose Dr. Tia Robinson-Cooper to December 19, 2024; to engage in mediation to January 10, 2025; and to file any dispositive motions to January 31, 2025. The court DENIES AS MOOT Dr. Robinson-Cooper's motion to quash [37].

SO ORDERED.

December 15, 2024	*s/ Damon R. Leichty*
	Judge, United States District Court