UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KAREN WHITE-GOYZUETA,

    Plaintiff,

v.                                                                   CAUSE NO. 3:23cv591 DRL

IVY TECH COMMUNITY COLLEGE OF
INDIANA,

    Defendant.

## OPINION AND ORDER

One nonparty deposition, albeit an important one, caused inordinate delays and now precipitates requests for attorney fees and costs arising from its cancellation after a rather tardy motion to quash. In fairness, all the players in this story share some responsibility for the hubbub, though one more than others. They each have skilled counsel, yet sometimes in the hustle and bustle of litigation lessons get lost.

Dr. Karen White-Goyzueta disclosed to Ivy Tech Community College that Dr. Tia Robinson-Cooper was a relevant nonparty witness only after fact discovery closed. A former chancellor of Ivy Tech's South Bend campus, Dr. Robinson-Cooper no longer works at Ivy Tech, but she apparently played a key role in Dr. White-Goyzueta's termination or otherwise had key information. The court granted the parties leave to depose her by November 7, 2024.

The parties could not get it done, so the court extended the deadline to December 3 once Dr. Robinson-Cooper and the parties coalesced around that date. On November 1, she received a notice of deposition and subpoena to testify at the December 3 deposition, to begin at 10:30 a.m. in South Bend, Indiana. All seemed in order, but alas just best-laid plans.

Despite the agreed and subpoena-bound schedule, on November 26 Dr. Robinson-Cooper told Ivy Tech (via her counsel's email) that she now could not attend because she scheduled a job interview on December 2 and would not return until December 3. Ivy Tech impressed on her that the deposition could not be rescheduled absent court intervention. The college offered alternatives, including a later start, but received no response. The college followed up the next day (via email once more) but received an automated "out of office" reply from counsel who apparently left early, as some do, for the Thanksgiving holiday.

The parties talked the following Monday but could not work the issue out. Ivy Tech insisted on the deposition, and Dr. Robinson-Cooper said she would not be there and would file a motion to quash. Ivy Tech said it would show up anyway and then seek its costs. Ivy Tech then endeavored to reach Dr. White-Goyzueta's counsel (via email three times), but he was already en route from Indianapolis to South Bend for the next day's deposition. He fell ill that evening and went to bed early without reviewing his email. No one apparently tried to call.

Near the end of business the day before the deposition, Dr. Robinson-Cooper filed a motion to quash the subpoena. She said she was granted week-long employment interviews that would end December 2 and she would not return to Indiana until December 3. The last interview was in Elgin, Illinois—a mere three-hour drive at most. No explanation is given why she scheduled this interview being under subpoena to testify or why she could not return to Indiana on December 2 or even the following morning.

On December 3, Dr. White-Goyzueta's counsel showed for the deposition unaware of these ongoing issues. Ostensibly he still had not reviewed email to see Ivy Tech's communications or Dr. Robinson-Cooper's motion to quash. Ivy Tech chose to attend to make a record of her nonappearance, though the college already knew she would not be there. Ivy Tech responded to

2

the motion to quash that same day, requesting that the court order her to attend a rescheduled deposition and award costs for her failure to comply with the subpoena.

At the court's invitation, Ivy Tech filed a notice explaining that the parties agreed to reset the deposition for December 19, and for the third time the court approved this leave. Dr. White-Goyzueta filed a brief prophylactically joining the motion to quash (subject to Dr. Robinson-Cooper's appearance at a rescheduled deposition) and tucking in a request for attorney fees and costs. Ivy Tech later moved for fees and costs too. Dr. Robinson-Cooper was then deposed.

Oddly, Dr. White-Goyzueta seeks fees from Ivy Tech—the only party on this record to try to tell her that issues with Dr. Robinson-Cooper's deposition had arisen. Yes, young lawyers lean too heavily on email sometimes, instead of getting on the phone and calling other counsel. Ostensibly a call to opposing counsel's office would not have sufficed because he was a solo practitioner without staff during this time, but most everyone has a cellphone.

Despite this, the court denies Dr. White-Goyzueta's fee request. For one, she proceeds under Rule 37(a)(5)(B) with a rather inelegant view that Ivy Tech's response to the motion to quash was really a motion to compel and was not substantially justified. That won't sell as a basis for fees. For another, her counsel needed only to review the three emails or even the day's filings to learn of the delayed deposition; and, though someone should have called him on December 2, it seems he was already en route when it became clear the other two parties could not work it out. Before Thanksgiving, Ivy Tech was still pressing forward with the deposition—and one, lest we forget, that was necessitated by Dr. White-Goyzueta's late disclosure in the first place.

For yet another reason, though all share in the kerfuffle, its root cause was the new preference of Dr. Robinson-Cooper, not Ivy Tech—namely her late pivot despite a subpoena (and agreed date), awaiting another business day and then the holiday to address this urgency in

3

full, and her failure to alert all parties of her unwillingness to show. But Dr. White-Goyzueta has not requested fees from Dr. Robinson-Cooper, only Ivy Tech. Whether that was for strategic reasons given the upcoming deposition, the court cannot say, but Dr. White-Goyzueta has not established a basis to award fees against Ivy Tech considering all the circumstances here and how she framed her motion. The court must deny it.

The court grants Ivy Tech's fee request in part. Ivy Tech says Dr. Robinson-Cooper should be held in contempt under Rule 45(g). The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). There are both coercive and compensatory classes of contempt. *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947); *Prima Tek II, LLC v. Klerk's Plastic Indus.*, 525 F.3d 533, 542 (7th Cir. 2008). No one pursues the coercive type because Dr. Robinson-Cooper eventually sat for her deposition, so today it's just about compensation.

Dr. Robinson-Cooper argues that there first needed to be a court order, but that is what a duly authorized subpoena is, and the rule does not require the court to duplicate this and "order compliance before imposing the sanction of contempt." *SEC v. Hyatt*, 621 F.3d 687, 690 (7th Cir. 2010); *see also id.* at 693. That step is required when a nonparty objects in writing to producing documents or permitting an inspection under Rule 45(d)(2), but this was quite differently a subpoena to sit for a deposition. *See id.* at 690, 694. Dr. Robinson-Cooper's remedy was a "timely motion" to quash so long as the subpoena caused an "undue burden" (or some other recognized reason), not to do as she liked without "adequate excuse." Fed. R. Civ. P. 45(d)(3), (g).

And, in truth, there was no undue burden or adequate excuse. She agreed to the deposition date. She received a subpoena on November 1. She had plenty of notice. Three weeks later (November 23), she set her last interview for December 2—why it had to be December 2 no one

4

says. She waited two days to tell her counsel, or two days passed for counsel to learn. Her counsel waited another day before alerting just one of the parties—why no one says. As though this were enough, and knowing the case's tight limitations, Dr. Robinson-Cooper took no other action before the holiday and awaited the day before the deposition to try to sort this out.

Dr. Robinson-Cooper claims she could not make it back from Illinois to Indiana for the deposition—once more why she never says. Her last interview apparently ended on December 2—she says 9:00 pm but the college says before 5:00 pm [38-5]. Either way, she could have easily met the obligation of her last interview and her obligation to sit for her deposition. Indeed, consistent with Rule 45(d)(1) and the *Standards for Professional Conduct within the Seventh Federal Judicial Circuit*, Ivy Tech offered accommodations—starting later in the day on December 3 or even conducting the deposition in Chicago.

Dr. Robinson-Cooper is a nonparty witness. The court thus gives "special attention to the procedural and substantive rights of the nonparty witness." *Hyatt*, 621 F.3d at 694. The prospect of a new job is important. But one could hardly call the December 3 deposition an undue burden when she agreed to the date, knew about it for over three weeks, and could have met both obligations. She had plenty of time to prepare. The need to attend a subpoena-ordered (and agreed) deposition, a key one twice extended by the court, is important too. She made a choice—and sometimes choices have consequences.

Consistent with the law surrounding Rule 45(g), a court order set forth an unambiguous command, she violated that command, she failed to comply substantially with the order, and she failed to make a reasonable and diligent effort to comply. *Hyatt*, 621 F.3d at 692. Awaiting the business eve the day before the next morning's deposition was not a timely motion to quash under the circumstances here, and Dr. Robinson-Cooper fairly put her counsel in a tighter box

5

by not communicating her wish to move the deposition sooner, particularly with the holiday and the court's order terminating this discovery on December 3.

Her decision wasted time and money on this side of her choice. Ivy Tech says it incurred $1,875 in attorney fees (predicting $1,500 to retread certain preparations) and just over $393 in court reporter costs because of the missed deposition, as well as $1,706 in attorney fees in preparing its motion. No one contests these expenses or their reasonableness. Perhaps then the court would be well within its power to award them all, but experience dies hard sometimes.

Given counsel's caliber, any re-preparation time, particularly for a deposition of this ilk so near in time, was likely slight at best in the end. At that point, one must ask why it makes sense to spend $1,706 to go after $768, sensitive as the law is to a nonparty's rights. The court might envision creative alternatives to avoiding the $768 cost too—though none argued, and Ivy Tech followed what it likely saw as the book. On the flip side too, one must see its loss as a conservative number given all the stumbles that likely contributed to even more expense than this fee petition seeks. The court thus awards $1,525.60.

For these reasons, the court GRANTS IN PART Ivy Tech's motion [43], DENIES Dr. White-Goyzueta's motion [42], and AWARDS Ivy Tech $1,525.60 in fees to be paid by Dr. Robinson-Cooper within 21 days of this order. Because this contest about fees might be interpreted to revive arguments from the motion to quash, the court AMENDS its prior order [45] to show that motion denied, rather than denied as moot [37].

SO ORDERED.

March 28, 2025                              *s/ Damon R. Leichty*
                                            Judge, United States District Court